IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARK ALDRIDGE, EXECUTOR OF THE ESTATE
OF THADDUSE WAYNE (T.W.) ALDRIDGE,
RUTH COLSON, AND EARLENE ELLIS                                          PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 2:07CV67-P-A

PACIFICARE LIFE & HEALTH INSURANCE
COMPANY d/b/a SECURE HORIZONS, PACIFICARE
HEALTH PLAN ADMINISTRATORS, INC., GLOBAL
FINANCIAL BROKERS, LLC, TOLLIVER'S FINANCIAL
GROUP, LLC, TOLLIVER FINANCIAL GROUP, LLC,
HUMPHREY TOLLIVER, CYNTHIA HIGHTOWER,
DIQUANA ROBERSON, MID DELTA HEALTH
SYSTEMS, INC., MID DELTA HOME HEALTH OF
CHARLESTON, INC., MID DELTA HOSPICE OF
BATESVILLE, INC. AND JOHN DOES 1-10                                     DEFENDANTS

**ORDER**

This cause is before the Court on the plaintiffs' Motion to Remand [12]. The Court, having reviewed the motion and the supplement thereto and being otherwise fully advised in the premises, finds as follows, to-wit:

This action was originally filed in the Circuit Court of Panola County on January 17, 2007. Defendant Pacificare Life & Health Insurance Company and Pacificare Health Plan Administrators, Inc. (hereafter "Pacificare defendants") removed the case to this Court on April 19, 2007 pursuant to 28 U.S.C. §§ 1441 and 1331. Specifically, defendants urged that plaintiffs' state law claims against them were wholly preempted and necessarily federal in character inasmuch as they implicated provisions of the Medicare Act, 42 U.S.C. 1395w-21-w-28. Defendants invoked the

provisions of 28 U.S.C. § 1367, the supplemental jurisdiction statute, with regard to the state law claims against the other defendants.[1]

Plaintiffs filed a motion to remand contesting the basis for removal. Subsequent thereto, plaintiffs and the Pacificare defendants reached a compromise and settlement of all claims, thereby mooting the issues pertaining to federal preemption and federal question jurisdiction. Plaintiffs then filed a supplement to their motion to remand, seeking remand of the state law claims against the remaining defendants pursuant to 28 U.S.C. § 1367(c)(3): "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if– . . .(3) the district court has dismissed all claims over which it has original jurisdiction . . . ." None of the remaining defendants contest remand. District courts possess wide discretion to remand state claims following the dismissal of federal claims. <u>Guzzino v. Felterman</u>, 191 F.3d 588, 595 (5th Cir. 1999). Accordingly, the Court finds that the plaintiffs' motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs' Motion to Remand [12] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this cause is hereby REMANDED to the Circuit Court of Panola County, Mississippi.

SO ORDERED, this the 22nd day of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The other defendants consented to removal by way of separately filed notices.